HON. DONALD L. CROWLEY County Attorney, Wayne County
This is in response to your request for an opinion of the Attorney General as to whether the County Attorney of the County of Wayne may simultaneously serve as a member of the board of education of a school district within said County.
There are three sections of law that relate to this question of compatibility of offices, one contained in the County Law and the other two contained in the Education Law. Section 411 of the County Law prohibits an elective county officer from simultaneously holding any other elective county office. Section 2103(1) and section 2112(3) of the Education Law prohibit a board member from also holding the office of district superintendent or supervisor. None of these sections prohibit an appointed county attorney from serving as a board member.
It is a general rule that one person may hold two public offices simultaneously unless such holding is expressly prohibited by the New York State Constitution or other law or the two offices are of such a nature that the simultaneous holding of both by the same person creates an incompatibility under the common law (People v Irwin, 166 Misc. 492
[Court of General Sessions of County of New York, 1938]).
In People ex rel. Ryan v Green, 58 N.Y. 295 (1874), Judge Folger stated:
 "* * * Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court-officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of the one, toward the incumbent of the other. Thus, a man may not be landlord and tenant of the same premises. He may be landlord of one farm and tenant of another, though he may not at the same hour be able to do the duty of each relation. The offices must subordinate, one the other, and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law. * * *" (Emphasis supplied.)
In an examination of the duties and functions of the County Attorney of the County of Wayne and a member of the board of education of a school district within said County, we find that the simultaneous holding of the two offices by the same person would not. per se, be proscribed by the language contained in the above-cited case.
Accordingly, we conclude that the County Attorney of the County of Wayne may simultaneously serve as a member of the board of education of a school district within said County.